UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY HAMMOND MURPHY and
BLAIR DOUGLASS,

        Plaintiffs,

    v.

CHARLES TYRWHITT, INC.,

        Defendant.

Civil Action No. 1:20-cv-00056-SPB-RAL

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Now pending before the Court is Plaintiffs' Unopposed Motion for Final Approval of the Class Settlement Agreement. (Doc. 39.) On January 4, 2021, the Court preliminarily certified the following Settlement Class:[1] "All blind or visually disabled individuals who use screen reader auxiliary aids to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from accessing the Website from the United States." (Doc. 32.) The Court also granted preliminary approval to the proposed class action settlement set forth in the Agreement. (*Id.*)

The Court held a final fairness hearing on May 25, 2021 to consider: (1) whether the terms and conditions of the Agreement were fair, reasonable, and adequate; (2) whether the Parties' Agreement should be given final approval; and (3) whether and in what amount to award attorney's fees to Class Counsel for the Settlement Class and whether and in what amount to award an incentive award to each of the Named Plaintiffs. (Doc. 34.) Having carefully considered the motion, the relevant legal authority, and the proposed Agreement and all

---

[1] Unless otherwise defined herein, all capitalized terms have the meaning set forth in the settlement agreement, which is attached hereto as Exhibit A.

supporting documents, the Court **GRANTS FINAL APPROVAL** of the Agreement as set forth below.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT

1. The Court has personal jurisdiction over the Parties, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and to enter this Final Approval Order.

2. The Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Lawsuit") and of the strengths and weaknesses of their respective positions. The Agreement was reached after the Parties engaged in extensive settlement discussions. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the distribution of the Class notice, as provided for in the Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Lawsuit, the nature and terms of the proposed settlement, their right to object to the proposed settlement, and their right to appear at the Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

4. The Agreement is finally approved in all respects as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Agreement, including all

exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties.

5. The Parties are hereby directed to implement the Agreement according to its terms and provisions.

6. The proposed Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Class is defined as:

> All blind or visually disabled individuals who use screen reader auxiliary aids to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from accessing the Website from the United States.

7. The Court appoints and designates Plaintiffs Anthony Hammond Murphy and Blair Douglass as representatives of the Settlement Class.

8. The Court finds Kevin W. Tucker, Kevin J. Abramowicz, Lawrence H. Fisher and the law firm of East End Trial Group LLC are experienced and competent class action counsel who fairly and adequately protected the interests of the putative class throughout this litigation and appoints them as Class Counsel for the Settlement Class.

9. Pursuant to Fed. R. Civ. P. 23, the Court hereby awards Class Counsel for the Settlement Class attorney's fees in the amounts provided below.

   a. $28,000.00, payable pursuant to the terms of the Agreement, for attorney's fees incurred before this Final Approval Order;

   b. $15,000.00, payable pursuant to the terms of the Agreement, for attorney's fees incurred during the Agreement Term;

   c. $15,000.00, payable pursuant to the terms of the Agreement, for attorney's fees incurred during the First Extended Agreement Term, if applicable; and

    d. $15,000.00, payable pursuant to the terms of the Agreement, for attorney's fees incurred during the Second Extended Agreement Term, if applicable.

  10. The Court finds the award of fees is reasonable as (a) Class Counsel achieved a favorable result for the Class; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims with no guarantee that Class Counsel would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Charles Tyrwhitt's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiffs, who have reviewed the Agreement and been informed of Class Counsel's fee request and have approved such request; and (f) the notice informed Settlement Class Members of the amount and nature of Class Counsel's fee request.

  11. The Court further approves an incentive award in the amount of $1,000.00 to each of the Named Plaintiffs, payable pursuant to the terms of the Agreement.

  12. Upon entry of this Final Approval Order, the Injunctive Releasing Parties shall, by operation of this Final Approval Order, fully and finally release, acquit, and discharged the Charles Tyrwhitt Parties from the Released Injunctive Claims as set forth in the Agreement.

  13. Pursuant to this release, Named Plaintiffs and the Settlement Class Members shall not bring any claims concerning the Accessibility of the Digital Properties during the Agreement Term and, if applicable, the First Extended Agreement Term and Second Extended Agreement Term. Notwithstanding this release, Named Plaintiffs and the Settlement Class Members may fully utilize the Dispute Resolution Procedure during the Agreement Term.

14. Plaintiff and all Settlement Class Members are, from this day forward, hereby enjoined from asserting any Released Injunctive Claims through the Agreement Term and, if applicable, the First Extended Agreement Term and Second Extended Agreement Term, to enforce this Agreement.

15. The Court retains jurisdiction through the Agreement Term and, if applicable, the First Extended Agreement Term and Second Extended Agreement Term, to enforce this Agreement. The Court also retains jurisdiction as to all other matters relating to administration, consummation, enforcement, interpretation, or implementation of the Agreement and of this Final Approval Order, and for any other purpose, and expressly retains jurisdiction to enter such further orders as may be necessary or appropriate. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

16. This Lawsuit, including all individual claims and class claims presented herein, shall be dismissed with prejudice no later than thirty (30) days following the expiration of the Agreement Term or, if applicable, the First Extended Agreement Term or Section Extended Agreement Term.

**SO ORDERED.**

_____
SUSAN PARADISE BAXTER
United States District Judge